NORMAN L. SMITH [SBN 106344]
nsmith@swsslaw.com
TANYA M. SCHIERLING [SBN 206984]
tschierling@swsslaw.com
STEFANI M. SALT [SBN 280403]
ssalt@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Plaintiff Monster Energy Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DASL DISTILLERIE AGRICOLE DE SAINTE LUCE, a corporate entity organized under the laws of Martinique, a French Overseas Department,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** |

Plaintiff Monster Energy Company ("**Plaintiff**" or "**Monster**") alleges:

## PARTIES

1. Monster is, and at all relevant times was, a corporation organized under the laws of the State of Delaware, with its principal place of business in Corona, California.

2. Monster alleges on information and belief that defendant DASL Distillerie Agricole de Sainte Luce ("**DASL**" or "**Defendant**") is, and at all relevant times was, a corporate entity organized and existing under the laws of Martinique with its principal place of business in Ducos, Martinique, a French Overseas Department.

# JURISDICTION AND VENUE

3. This action concerns an arbitration agreement arising out of a contractual, commercial legal relationship between Monster and DASL. Because the relationship between Monster and DASL is not entirely between citizens of the United States, this action arises under federal law, and this Court has jurisdiction, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 9 U.S.C. section 201, *et seq.* (the "**Convention**").

4. Section 203 of the Convention states: "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States... shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

5. Pursuant to Section 202 of the Convention, "[a]n arbitration agreement... arising out of a legal relationship, whether contractual or not, which is considered as commercial... falls under the Convention" with certain exceptions, none of which apply.

6. France is a party to the Convention.

7. This Court also has jurisdiction under 28 U.S.C. section 1332 because this is a dispute between a citizen of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue in this judicial district is proper under 28 U.S.C. section 1391 and 9 U.S.C. section 204 because the contract at issue calls for substantial performance in this district, specifically, the contract requires arbitration in Orange County, California and is governed by California law. Additionally, Defendant entered into the contract on which this action is based in the State of California, has minimum contacts with California, and is subject to personal jurisdiction in California.

## MATERIAL FACTS

9. On or about October 15, 2010, Plaintiff and Defendant entered into a Monster Energy Company International Distribution Agreement under California law ("**Distribution Agreement**").  A true and correct copy of the Distribution Agreement is attached as **Exhibit 1** and incorporated by this reference.

10. Pursuant to the Distribution Agreement, Plaintiff appointed Defendant to be a distributor of certain Monster products described in the Distribution Agreement (the "**Products**") within a territory (the "**Territory**") defined by the Distribution Agreement.

11. Section 26 of the Distribution Agreement states, in relevant part, "[a]ny dispute, controversy or claim arising out of or relating to this Agreement, including without limitation, the formation, interpretation, or the breach or termination of this Agreement… shall be referred to and finally determined by binding arbitration conducted by JAMS/Endispute ('JAMS') in accordance with JAMS International Arbitration Rules, and to the extent applicable, The Convention on the Recognition and Enforcement of Foreign Arbitration Awards (collectively, the 'Rules').  The arbitration shall be heard . . . in Orange County, California" (the "**Arbitration Provision**").

12. Section 25 of the Distribution Agreement states, in relevant part, "[t]his Agreement shall be governed by and interpreted in accordance with the laws of the State of California (without reference to its conflict of laws), and the provisions of the United Nations Convention On Contracts For The International Sale Of Goods will expressly be excluded and not apply….  Distributor hereby waives any rights that it may otherwise have to assert any rights or defenses under the law of the Territory or to require that litigation brought by or against it in connection with this Agreement be conducted in the courts or other forums of the Territory" (the "**California Choice of Law Provision**").

13. The Distribution Agreement contains terms concerning the parties' rights and remedies in relation to termination of the Distribution Agreement (the "**Termination Provisions**").

14. The Termination Provisions state that Plaintiff has the right to terminate the Distribution Agreement at any time without cause and without notice. The Termination Provisions also provide that, upon termination, Plaintiff has the right to cancel all of Defendant's purchase orders; all amounts payable by Defendant to Plaintiff become immediately due and payable; and Plaintiff has the option to repurchase Defendant's inventory and Equipment (as defined in the Distribution Agreement).

15. In the event of a termination, the Termination Provisions provide that Plaintiff shall not be liable to Defendant for any claim, loss, costs, damages, or expenses suffered or claimed by Defendant, and expressly exclude recovery for any general, special, direct, indirect, incidental, consequential or punitive damages.

16. Certain disputes (the "**Disputes**") have arisen between Plaintiff and Defendant arising out of and relating to the parties' respective rights under the Distribution Agreement, including the validity and enforceability of the Arbitration Provision, the California Choice of Law Provision and the Termination Provisions.

17. Under the Convention, 9 U.S.C. section 206, this Court may direct that arbitration be held in accordance with the Arbitration Provision, that is, by JAMS in Orange County, California. 9 U.S.C. section 206 ("A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for…").

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief)

18. Plaintiff re-alleges and incorporates paragraphs 1 through 17 above.

19. Plaintiff is informed and believes, based on Defendant's statements to representatives of Plaintiff, that Defendant contends the Arbitration Provision,

1  and/or the California Choice of Law Provision are not binding on Defendant, and
2  that Defendant refuses to submit the Disputes to binding arbitration for resolution as
3  required by the Arbitration Provision and the California Choice of Law Provision.
4      20.   Therefore, an actual controversy has arisen and now exists between
5  Plaintiff, on the one hand, and Defendant, on the other, concerning Plaintiff's right
6  to enforce the Arbitration Provision and the California Choice of Law Provision.
7  Plaintiff contends the Arbitration Provision is valid and enforceable and applies to
8  the Disputes.  Based on Defendant's statements to representatives of Plaintiff,
9  Plaintiff is informed and believes that Defendant contends the Arbitration Provision
10 is not valid or enforceable and/or does not apply to the Disputes.
11     21.   Plaintiff desires a judicial declaration that the Arbitration Provision and
12 California Choice of Law Provision are valid, enforceable, and govern the Disputes.
13     22.   A judicial declaration is necessary and appropriate at this time under
14 the circumstances so that the parties to this action may ascertain their rights and
15 duties under the Distribution Agreement through arbitration in California.  The facts
16 have sufficiently crystallized to permit an intelligent and useful decision to be made,
17 and the issues are fit for a judicial determination.
18     23.   The amount of the Disputes is subject to proof, but exceeds $75,000,
19 exclusive of interest and costs.

## **PRAYER**

21 Plaintiff prays that the Court enter judgment in Plaintiff's favor and against
22 Defendant, as follows:
23     1.   A judicial declaration that the Arbitration Provision and California
24 Choice of Law Provision in the Distribution Agreement are valid and enforceable
25 and govern the Disputes that have arisen between the parties;
26     2.   For costs and reasonable attorneys' fees;
27
28

1     3.   For expert witness fees and costs; and

2     4.   For such other and further relief as the Court deems just and proper.

DATED: June 9, 2016         SOLOMON WARD SEIDENWURM & SMITH, LLP

By: s/Norman L. Smith
nsmith@swsslaw.com
Attorneys for Plaintiff Monster Energy Company

## DEMAND FOR JURY TRIAL

Monster hereby demands a jury trial of all claims.

DATED: June 9, 2016         SOLOMON WARD SEIDENWURM & SMITH, LLP

By: s/Norman L. Smith
nsmith@swsslaw.com
Attorneys for Plaintiff Monster Energy Company